**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**BUFFALO DIVISION**

| | | |
|---|---|---|
| PATRICIA NOWAKOWSKI, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| GE CAPITAL RETAIL BANK f/k/a | ) | |
| GE MONEY BANK | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1.      This is an action brought under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 47 U.S.C. § 227(b)(3).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff, Patricia Nowakowski ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Niagara, and City of Niagara Falls.

5.      Defendant, GE Capital Retail Bank f/k/a GE Money Bank ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff.

.

## FACTUAL ALLEGATIONS

6.      Plaintiff, via her counsel, sent correspondence dated March 15, 2012 to Defendant regarding account ending in 6700, and in such correspondence, notified Defendant that she was represented by counsel and further, demanded that Defendant cease and desist from engaging in any and all direct communication with Plaintiff, telephonic or otherwise.  *See* 3-15-12 Sam's Club letter, attached as Exhibit A.

7.      Upon information and good-faith belief, Defendant received Plaintiff's notice of representation letter regarding account ending in 6700 on or around March 20, 2012.

8.      Plaintiff, via her counsel, sent correspondence dated March 15, 2012 to Defendant regarding account ending in 0548, and in such correspondence, notified Defendant that she was represented by counsel and further, demanded that Defendant cease and desist from engaging in any and all direct communication with Plaintiff, telephonic or otherwise.  *See* 3-15-12 Walmart letter, attached as Exhibit B.

9.      Upon information and good-faith belief, Defendant received Plaintiff's notice of representation letter regarding account ending in 0548 on or around March 20, 2012.

10.     In connection with the collection of an alleged debt in default, and despite having received Plaintiff's demand for Defendant to cease and desist from placing any calls to Plaintiff, Defendant placed a non-emergency call to Plaintiff's cellular telephone on April 18, 2012 at 8:51 P.M., and at such time, left a pre-recorded voicemail message.

11.     In connection with the collection of an alleged debt in default, and despite

having received Plaintiff's demand for Defendant to cease and desist from placing any calls to Plaintiff, Defendant placed a non-emergency call to Plaintiff's cellular telephone on May 23, 2012 at 8:40 P.M., and at such time, left a pre-recorded voicemail message.

12.    In addition to the above-referenced calls, Defendant placed non-emergency calls to Plaintiff's cellular telephone using an automatic dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

- April 17, 2012 at 4:37 P.M.;
- April 23, 2012 at 9:39 A.M.;
- May 9, 2012 at 6:56 A.M.;
- May 9, 2012 at 9:50 A.M.;
- May 9, 2012 at 9:51 A.M.;
- May 9, 2012 at 12:53 P.M.;
- May 9, 2012 at 12:56 P.M.;
- May 9, 2012 at 6:10 P.M.;
- May 9, 2012 at 6:48 P.M.;
- May 9, 2012 at 6:50 P.M.;
- May 9, 2012 at 7:09 P.M.;
- May 9, 2012 at 7:35 P.M.;
- May 9, 2012 at 7:53 P.M.;
- May 9, 2012 at 8:02 P.M.;
- May 9, 2012 at 8:42 P.M.;
- May 10, 2012 at 8:33 A.M.;
- May 10, 2012 at 8:34 A.M.;
- May 10, 2012 at 10:29 A.M.;
- May 10, 2012 at 4:22 P.M.;
- May 10, 2012 at 6:44 P.M.;
- May 11, 2012 at 8:28 A.M.;
- May 11, 2012 at 8:36 A.M.;
- May 11, 2012 at 11:35 A.M.;
- May 11, 2012 at 5:08 P.M.;
- May 11, 2012 at 5:09 P.M.;
- May 11, 2012 at 6:48 P.M.;
- May 11, 2012 at 6:50 P.M.;
- May 11, 2012 at 8:48 P.M.;
- May 11, 2012 at 8:53 P.M.;
- May 11, 2012 at 8:57 P.M.;
- May 11, 2012 at 8:58 P.M.;
- May 12, 2012 at 8:57 A.M.;

- May 12, 2012 at 8:58 A.M.;
- May 12, 2012 at 11:02 A.M.;
- May 12, 2012 at 12:52 P.M.;
- May 12, 2012 at 12:59 P.M.;
- May 12, 2012 at 2:21 P.M.;
- May 12, 2012 at 3:09 P.M.;
- May 13, 2012 at 8:45 A.M.;
- May 13, 2012 at 8:47 A.M.;
- May 13, 2012 at 9:07 A.M.;
- May 13, 2012 at 9:46 A.M.;
- May 13, 2012 at 11:49 A.M.;
- May 13, 2012 at 11:54 A.M.;
- May 13, 2012 at 12:22 P.M.;
- May 14, 2012 at 11:32 A.M.;
- May 14, 2012 at 11:45 A.M.;
- May 15, 2012 at 8:11 A.M.;
- May 15, 2012 at 11:42 A.M.;
- May 15, 2012 at 11:49 A.M.;
- May 15, 2012 at 2:20 P.M.;
- May 15, 2012 at 7:47 P.M.;
- May 15, 2012 at 8:00 P.M.;
- May 15, 2012 at 9:34 P.M.;
- May 16, 2012 at 8:41 A.M.;
- May 16, 2012 at 8:45 A.M.;
- May 16, 2012 at 9:51 A.M.;
- May 16, 2012 at 9:57 A.M.;
- May 16, 2012 at 6:23 P.M.;
- May 16, 2012 at 6:59 P.M.;
- May 16, 2012 at 7:54 P.M.;
- May 16, 2012 at 7:56 P.M.;
- May 17, 2012 at 8:32 A.M.;
- May 17, 2012 at 10:06 A.M.; and
- May 17, 2012 at 3:49 P.M.

13.     On April 18, 2012 and May 23, 2012, Defendant delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

14.     Upon information and good-faith belief, all of the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

15.     Defendant did not place any telephone calls to Plaintiff for emergency purposes.

16.     Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of a debt.

17.     Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

18.     Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

19.     Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

20.     Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

21.     Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

22.     Upon information and good-faith belief, Defendant had knowledge that it was leaving voicemail messages using an artificial or prerecorded voice in the telephone calls on April 18, 2012 and May 23, 2012.

23.     Upon information and good-faith belief, Defendant intended to leave voicemail messages using an artificial or prerecorded voice in the telephone calls on April 18, 2012 and May 23, 2012.

24.     Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I
### VIOLATION OF 47 U.S.C. 227(b)(1)(A)(iii)

1.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24.

2.     Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT II
### VIOLATION OF 47 U.S.C. 227(b)(1)(A)(iii)

3.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24.

4.      Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b)   Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c)   Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d)   Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**TRIAL BY JURY**

5.      Plaintiff is entitled to and hereby demands a trial by jury.

This 15th day of November, 2012.

ATTORNEYS FOR PLAINTIFF
*Patricia Nowakowski*

Respectfully submitted,

/s/ Jeanne Lahiff
Jeanne Lahiff, Esq
NY Bar No. 2252435
**Weisberg & Meyers, LLC**
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 511
(866) 842-3303 (fax)
JLahiff@attorneysforconsumers.com

**Please send correspondence to the address below:**

**Weisberg & Meyers, LLC**
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012
Phoenix, AZ 85012